```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

KENYA BRYANT,                    )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     No. 19-02673-SHM-tmp
                                 )
GLAXOSMITHKLINE, LLC,            )
                                 )
    Defendant.                   )
_____

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
_____

Before the court is plaintiff Kenya Bryant's Motion to Compel Discovery, filed on September 13, 2021. (ECF No. 60.) The defendant filed a response on September 27, 2021. (ECF No. 64.) For the reasons below, the motion is DENIED.

**I.   BACKGROUND**

The present case concerns Bryant's claims of race and disability discrimination by her former employer, defendant GlaxoSmithKline ("Glaxo"). Bryant filed this suit on October 2, 2019. (ECF No. 1.) The case proceeded without issue through its initial stages. Bryant demanded a jury trial, and District Judge Samuel H. Mays, Jr. entered a scheduling order on February 14, 2020, setting discovery deadlines for the parties. (ECF No. 20.) Discovery was set to close on October 30, 2020, and any Motions to Compel Discovery were to be filed within 45 days of "the default

or service of the response, answer or objection, which is the subject of the motion." (Id. at 1.)[1]

Discovery continued with these deadlines in place. The present dispute began almost a year ago on October 30, 2020, when Glaxo responded to Bryant's First Set of Requests for Production of Documents and Interrogatories. (ECF No. 64 at 2.) Bryant objected to these responses on November 6, finding them insufficient. (Id.) Glaxo's counsel attempted to meet and confer about these objections on November 7 and 9, but Bryant's counsel did not respond. (Id.) Bryant's counsel then sent a letter to Glaxo's counsel on November 10, 2020, which outlined Bryant's objections to the initial responses. (ECF No. 60 at 2, ECF No. 64 at 3.) Glaxo responded to this letter by resending certain information already produced on October 5 as well as producing more documents on November 30, with a further assurance that it would "produce additional documents on a rolling basis" and supplement its discovery responses. (ECF No. 64 at 3.) At the time, Bryant's counsel did not object, but he states that this was due to needing to take time off from work due to COVID-19 exposure. (ECF No. 60 at 2.) He instead informed Glaxo that it would "take some time for him to determine what documents were produced." (Id.)

---

[1] The close of discovery was later extended to January 11, 2021 (ECF No. 35), May 28, 2021 (ECF No. 50), and finally November 17, 2021 (ECF No. 58). The forty-five-day deadline, however, remained unchanged.

By his own account, Bryant's counsel was limited by COVID-19 issues from November 25, 2020 until December 22, 2020. (Id.) After receiving no responses regarding further productions or the amended responses, Bryant's counsel states that on January 20, 2021, he informed Glaxo's counsel that he was preparing a Motion to Compel. (Id.) Glaxo supplemented its responses on January 27, 2021. (ECF No. 60 at 2, ECF NO. 64 at 3.) Bryant's counsel says that he found these supplements deficient as well and continued preparing the Motion to Compel. (ECF No. 60 at 2.) At this same time, Bryant's counsel and Glaxo's counsel emailed about a potential meet and confer to resolve any ongoing discovery disputes, including an offer to do so on February 25, 2021. (ECF No. 64 at 3.) Nothing came of these discussions. (Id.) Indeed, Glaxo's counsel states this communication was the last time they heard from Bryant's counsel until September 8, 2021, a full seven months later. (Id.)

This delay is at least partially due to a personal tragedy in Bryant's life that caused the case to be stayed on March 16, 2021. (ECF No. 60 at 2, ECF No. 53.) The stay was lifted on June 2, 2021. (ECF No. 55.) Bryant's counsel disputes that he did not communicate with opposing counsel during this seven-month period, asserting that he discussed the ongoing discovery issues with Glaxo's counsel on June 1, 2021. (ECF No. 60 at 2.) Either way, on September 8, 2021, Bryant's counsel emailed Glaxo's counsel in response to their

-3-

noticing Bryant's deposition. (ECF No. 64-2 at 2.) He claimed that the discovery responses were deficient because "we do not have complete employee files from your client." (Id.) It appears Glaxo's counsel did not respond. Six days later, Bryant's counsel filed the present motion. (ECF No. 60.) In this motion, Bryant takes issue with sixteen of Glaxo's responses. Bryant demands more of her payroll documents, requests for reasonable accommodations made by other employees, all emails that discuss Bryant or Bryant's claims, all performance reviews from 2017 in which an employee was given a "4," C2W reports on all of Bryant's co-workers, complete personnel files of all employees in Bryant's work group, training material used to educate supervisors on discrimination law, documents that support Glaxo's affirmative defenses, and former anti-discrimination policies, among other requests. (Id.)

Glaxo filed a response on September 27, 2021. (ECF No. 64.) Beyond disputing the requests, Glaxo provides emails showing that Bryant's counsel had agreed to withdraw his objections to five of the requests made in the motion, and which instructed Glaxo to "disregard any duplicate Request" made in the motion. (ECF No. 64-3 at 19.) Glaxo's response also contains emails with Bryant's counsel, which it claims detail their multiple, rebuffed attempts to meet and confer about these issues. (ECF No. 64 at 3-4.)

## II.   ANALYSIS

Glaxo argues that Bryant's motion is untimely because it was filed on September 8, 2021, after the Scheduling Order's deadline for submitting such motions. (ECF No. 64 at 10.) The Scheduling Order does not set a fixed date for Motions to Compel, but rather requires that they:

> be filed and served within forty-five days of the default or the service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause, or the objection to the default, response, answer or objection shall be waived.

(ECF No. 35 at 1.) Glaxo argues that the forty-five-day clock began to run on the day that it "initially responded to Plaintiff's discovery requests – October 30, 2020." (ECF No. 64 at 11.)

Federal Rule of Civil Procedure 16 requires the district court to enter a scheduling order that "limit[s] the time to . . . file motions." Fed. R. Civ. P. 16(b)(3)(a). A scheduling order's deadlines control over deadlines set in the Federal Rules. Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Such a modification is appropriate 'only when a relevant deadline cannot reasonably be met despite the diligence of the party seeking the extension.'" Preston v. Don Baskin Truck Sales, LLC, No. 13-CV-2782-SHL-cgc, 2015 WL 12882804, at *1 (W.D. Tenn. Apr. 28, 2015) (quoting EEOC v. U-Haul Intern., Inc., 286 F.R.D. 322, 325 (W.D. Tenn. 2012)). "Prejudice to the

non-moving party is [also] a relevant consideration, 'but the main focus should remain on the moving party's exercise of diligence.'" EEOC, 286 F.R.D. at 325 (quoting Cooke v. AT&T Corp., No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007)) (citing Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 830 (6th Cir. 2005)).

Glaxo's argument is correct here, as no good cause for modifying the deadline has been shown. The initial responses to Bryant's requests were served on October 30, 2020, which was 313 days before the filing of the present motion. (ECF No. 64 at 11); see also Atwood v. Graham Lumber Co., LLC, 2015 WL 430119, at *2 (W.D. Tenn. Feb. 2, 2015) (dealing with an identical scheduling order and starting the clock to object to responses to written discovery requests on the day the responses were served). Even accounting for the long stay in this case, or even taking the last supplemental production as the relevant start date, Bryant's motion is well outside the forty-five-day period.[2] Bryant's motion does not address the untimeliness issue, and thus has not made any argument for good cause.

---

[2] By the time the case was stayed on March 16, 2021, 137 days had passed since the initial response. According to Bryant's brief, the last supplemental production was on January 27, 2021. (ECF No. 60 at 2.) Thus, by the time the case was stayed, forty-eight days had already passed. A full 224 days passed from January 27, 2021 until the filing of this motion, or 146 days if the stay period is not considered at all.

The record before the court does not demonstrate good cause. While the court understands the restrictions of COVID-19 and the reasons for the long stay in this case, those reasons do not provide good cause as to why "despite their diligence [plaintiff] could not meet the original deadline." Leary, 349 F.3d at 907 (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). Bryant was aware of problems with Glaxo's initial production, at the latest, by November 10, 2020, when her counsel emailed Glaxo's counsel with a list of deficiencies. (ECF No. 60 at 2.) Bryant began work on this motion in January 2021, after her counsel's difficulties with COVID-19 exposure had resolved. (Id.) The motion was filed nearly eight months later. Compare (ECF No. 60 at 2.) with (ECF No. 60.) Even if the stay is not considered, it took over 5 months for this motion to be filed. Bryant's counsel generally describes a back-and-forth where Glaxo's counsel promised further production, and where he was required to review documents to ensure his objections remained during this time. (ECF No. 60 at 2.) But such a "general assertion is insufficient to establish that plaintiffs were diligent in attempting to meet the Court's deadlines." Trimbur v. Norfolk Southern Corp., No. 2:13-cv-0160, 2015 WL 235219, at *4 (S.D. Ohio Jan. 16, 2015) (denying an extension where plaintiffs claimed diligence solely through "making good faith efforts to review discovery and meet and confer prior to the filing of the motion.") Without more, such as an

-7-

explanation by Bryant's counsel of "why he failed to move [] at a time that would not have required a modification of the scheduling order," this record does not represent the diligence nor the difficulties required to find good cause. Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 450 (6th Cir. 2010) ("because Korn does not explain his delay in moving to amend, Korn has not satisfied the 'good cause' requirement imposed by Leary"); see also United States v. Florence, No. 2:13-cv-00035, 2020 WL 5797987, at *3 (M.D. Tenn. Sept. 29, 2020) (denying a motion to compel where movant "has not acknowledged the untimeliness of his motion to compel discovery . . . [and] has not presented any evidence that his failure to file a timely motion to resolve this dispute was the result of excusable neglect.")

Due to its untimeliness, Bryant's Motion to Compel is DENIED. However, the record suggests that Glaxo has already agreed to produce much of what Bryant has requested, and Bryant has agreed to withdraw certain requests. While the court has denied the Motion to Compel, it notes that many of the discovery issues in the Motion may be moot based on Glaxo's representations made to Bryant. Both parties should undertake future negotiations in good faith and with an eye toward a cooperative discovery process.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM

-8-

-9-

        Chief United States Magistrate Judge

        <u>October 13, 2021</u>
        Date