**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE – WESTERN DIVISION**

| | |
|---|---|
| KENYA BRYANT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GLAXOSMITHKLINE, LLC,<br><br>　　　　　Defendant. | Civil Action No. 2:19-CV-02673-TLP-TMP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED
"MUNCHHAUSEN BY PROXY" REMARK**

## I.   INTRODUCTION

Defendant GlaxoSmithKline, LLC ("GSK") terminated Plaintiff Kenya Bryant's employment as part of a September 2018 restructuring called Project Accelerate that reduced the number of available sales positions within the company. Bryant was ineligible for one of the remaining positions because, on June 4, 2018, she received a First Warning Memo for poor performance, and GSK did not consider those on such performance management for the remaining positions. That is why her employment ended.

More than a year earlier, Bryant injured her knee while working in August 2017. In a text message dated August 31, 2017, Bryant accused her manager, Sandra Amos (née Anderson), of saying that Bryant "was a hypochondriac or had Munchhausen by Proxy." Bryant's first protected activity under the Americans with Disabilities Act ("ADA") and Tennessee Human Rights Act ("THRA") was to request a sedentary work accommodation in September 2017.

Bryant's protected activity therefore did not begin until after Amos's alleged remark. The remark—even if true—cannot possibly reflect any animus against Bryant for engaging in protected activity that had not yet occurred. The alleged comment also does not reflect retaliatory animus on its face given that it has nothing to do with accommodation requests. Nor can it establish that retaliatory animus motivated the First Warning Memo she would receive *nine months later*. At most, it is a stray remark divorced from any protected activity or adverse action, one which Bryant intends to use to disparage Amos's character. The Court should exclude this evidence from trial.

## II. BACKGROUND

Bryant was a Respiratory Sales Specialist ("RSS") for GSK from August 2015 until her termination of employment, which resulted from a September 2018 restructuring of GSK's respiratory sales force. ECF No. 147 at 1, 14. GSK reduced the size of its respiratory sales force and did not consider Bryant for one of the remaining roles because of a First Warning Memo[1] she received on June 4, 2018. *Id.* at 14-15.

About a year earlier, in August 2017, Bryant injured her knee. *Id.* at 5. She texted Amos on August 31, 2017, alleging that Amos said Bryant "was a hypochondriac or had Munchhausen by Proxy." Declaration of Daniel S. Richards ("Richards Decl."), Ex. L at 3. On September 7, 2017, Bryant requested a sedentary-work accommodation, the first of several accommodations she would request for her knee injury. Richards Decl., Ex. M. The next day, GSK approved that request. Richards Decl., Ex. N.

Bryant has proposed introducing her text message to Amos as a trial exhibit. Richards Decl., ¶ 14.

## III. ARGUMENT

Bryant alleges Amos made a stray remark without any nexus to any adverse action or Bryant's protected activity. It is irrelevant as a matter of law because it has

---

[1] At summary judgment, the parties agreed that Bryant's Overall Individual Performance Rating Score ("OIPRS") of 3.5, driven in large part by Bryant's second semester 2017 performance rating of 4, was another reason GSK did not consider Bryant for a role. ECF No. 147 at 14-15. But upon closer examination, Bryant's 3.5 OIPRS was better than the 3.75 automatic disqualification threshold applicable during Project Accelerate. ECF No. 136-2 at GSK-000521 ("Sales Professionals with an [OIPRS] of 3.75 or worse will be excluded from Appointment and Selection"), GSK-000546 ("Sales Professionals with an [OIPRS] of 3.75 or worse are [to] be excluded"). Accordingly, Bryant was only disqualified because of the First Warning Memo.

no tendency in reason to prove that Amos retaliated against Bryant by giving her the First Warning Memo nine months later. FED. R. EVID. 401.

"[S]tatements by decision makers unrelated to the decisional process itself can not suffice to satisfy the plaintiff's burden of demonstrating animus." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (citation modified); *accord Nasrallah v. Robert Half Int'l, Inc.*, No. 1:19-CV-00795, 2020 WL 1862657, at *6 (N.D. Ohio Apr. 14, 2020) ("[S]tray or isolated comments unrelated to and removed in time from the challenged employment decision are not direct evidence of discrimination.").

Here, Bryant intends to rely on Amos's alleged comment to prove Bryant's retaliation claim. But that remark allegedly occurred on or about August 31, 2017, approximately nine months *before* the June 4, 2018, First Warning Memo that caused Bryant's discharge. *Supra* p. 3. It is therefore an irrelevant stray remark and should be excluded on that ground. *See, e.g., Foster v. Michigan*, 573 F. App'x 377, 393 (6th Cir. 2014) (holding that statement that "no woman should be making that kind of money" was not direct evidence of discrimination because it was not made "in the context of an evaluation or other adverse employment action"); *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1026 (6th Cir. 1993) (ruling that age-related statements made "nearly a year before the layoff . . . were made too long before the layoff to have influenced the termination decision").

Further, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of" a protected characteristic, qualify as direct evidence of discrimination. *Sharp v. Aker Plant Servs. Grp., Inc.*, 726 F.3d 789, 798

4

(6th Cir. 2013). "[G]eneral, vague, or ambiguous comments do not constitute direct evidence of discrimination because such remarks require a factfinder to draw further inferences to support a finding of discriminatory animus." *Id.* (citation modified). Bryant alleges Amos said Bryant was a "hypochondriac or had Munchhausen by Proxy." *Supra* p. 3. Although that alleged remark could be relevant to *discriminatory* animus (under the right circumstances), it has no bearing on any *retaliatory* animus. It is also vague and ambiguous. Munchausen Syndrome by Proxy "is a mental illness where a caregiver makes up or exaggerates an illness in a person in their care." *Munchausen Syndrome by Proxy*, WEBMD, https://www.webmd.com/mental-health/munchausen-by-proxy (Sept. 24, 2024). There is no evidence that Bryant was providing care to someone else. Accusing Amos of saying Bryant had "Munchhausen by Proxy" would confuse the jury. FED. R. EVID. 403; *e.g.*, *Phelps*, 986 F.2d at 1026 (holding that comment that plaintiff's fifty-fifth birthday "was a cause of concern" was "too ambiguous to establish the necessary inference of age discrimination"); *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 268 n.2 (6th Cir. 1986) (affirming order excluding evidence of age-biased statements because they were "too abstract" and "irrelevant and prejudicial").

Finally, Amos allegedly made the remark at least a week *before* Bryant ever requested accommodations. *Supra* p. 3. Accordingly, it necessarily cannot reflect animus toward Bryant for engaging in protected activity that had not yet occurred. *See, e.g.*, *Stewart v. Esper*, 815 F. App'x 8, 21 (6th Cir. 2020) (granting judgment as a matter of law for employer on retaliation claim where protected activity was filing

5

EEOC charge because "the vast majority of the alleged incidents occurred before [employee] filed her EEOC" charge, so she could not establish causation); *Kesler v. Barris, Sott, Denn & Driker, PLLC*, 482 F. Supp. 2d 886, 916 (E.D. Mich. 2007) (same).

## IV.   CONCLUSION

For the foregoing reasons, GSK respectfully requests that the Court preclude evidence of the alleged "Munchhausen by Proxy" remark.

Dated: December 12, 2025          Respectfully submitted,

ADAMS & REESE LLP

*/s/ Brent E. Siler*
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Tel: (901) 524-5273
brent.siler@arlaw.com

PAUL HASTINGS LLP

*/s/ Daniel S. Richards*
Blair J. Robinson (admitted *pro hac vice*)
Daniel S. Richards (admitted *pro hac vice*)
200 Park Ave
New York, NY 10178
Tel: 212.318.6075
blair.robinson@paulhastings.com
danrichards@paulhastings.com

*Attorneys for Defendant GlaxoSmithKline, LLC*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing document was filed electronically to the ECF system and was therefore served upon the following counsel of record:

Chris Burks
WH Law
1 Riverfront Place, STE 745
North Little Rock, AR 72114
chris@wh.law

*Counsel for Plaintiff*


<u>*/s/ Daniel S. Richards*</u>